KNOCKLONG CORP., Respondent-Appellant, v. ANTONIO ALLIANO et al., Defendants; A. S. VAN BUSKIRK, as Committee of the Person and Property of RUTH GARLAND, an Incompetent, Appellant-Respondent, and DONALD DILG et al., Respondents-Appellants.— In an action under article 7-B of the Tax Law and sections 5–57.1 and 5–57.2 of the Nassau County Administrative Code, to establish the regularity of a tax sale and the title to real estate resulting therefrom, it appears that an order for service of the summons by publication on the defendant Garland was obtained upon an affidavit which did not set forth her last address as it appeared in the records of the County Treasurer, nor did it set forth that she had been adjudicated an incompetent and a committee of her person and property appointed, as appears from the papers on file and indexed in the office of the County Clerk, although the said papers had not been recorded. Judgment was entered in favor of the plaintiff in the action, and thereafter conveyances were made to purchasers. On application of the committee of the incompetent, the court set aside and vacated the judgment and denied further relief, without prejudice to any action the committee might institute. Plaintiff, the committee, the present owners of the property, and the mortgagee appeal from the order entered thereon. Order modified by adding, immediately after the first ordering paragraph, an ordering paragraph directing the plaintiff to serve a copy of the complaint upon the committee. As thus modified the order is affirmed, without costs; the copy of the complaint to be served within ten days after the entry of the order hereon. In our opinion, the order should have directed service of a copy of the complaint upon the committee. Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur.

∎

CHARLES J. NOVELLO, Respondent-Appellant, v. DREIER STRUCTURAL STEEL Co., INC., et al., Appellants-Respondents.— In an action to recover damages for personal injuries, the jury rendered a verdict for defendants, finding that both parties were negligent and recommended that plaintiff be reimbursed for medical expenses already incurred. Thereafter the court set aside the verdict on the grounds that it was contrary to law, contrary to the weight of the evidence and contrary to the charge of the court, granted a new trial, and denied defendants' motion to enter the verdict as one in their favor. Thereafter the court resettled the order so as to direct the verdict to be entered as one in favor of defendants and against plaintiff and so as to set aside such verdict only on the ground that it was contrary to the weight of the evidence and to grant a new trial. Plaintiff and defendants appeal from the order as resettled insofar as it is in favor of the other. Resettled order affirmed, without costs. No opinion. Nolan, P. J., Adel, Wenzel, MacCrate and Schmidt, JJ., concur.